MEYER *et al.* v. NICKERSON, *Plaintiff in Error.*

1. **Homestead:** APPOINTMENT OF APPRAISERS. When a debtor's land exceeds the homestead value, a failure on his part to select the part he desires for a homestead authorizes the sheriff to proceed to set off the homestead in the manner pointed out in the statute.

2. ——— : ———. Such failure of the debtor to elect need not be an express refusal; a neglect to make the election at the time of the levy or within a reasonable time will authorize the officer to proceed.

3. ——— : ACTION OF APPRAISERS : TIMBER LAND. Where the debtor has failed to elect and the appraisers proceed to set off the homestead, the supreme court will not disturb their action approved by the trial court because timber land was not allotted as part of the homestead, it appearing there was nothing oppressive in the action of the appraisers and that the debtor made no claim and gave no notice either to the sheriff or appraisers of his desire for part of the timber land.

*Error to Chariton Circuit Court.*—HON. G. D. BURGESS, Judge.

AFFIRMED.

*A. W. Mullins, Crawley & Son* and *A. W. Johnson* for plaintiff in error.

(1) The circuit court erred in overruling the motion to quash the sheriff's levy and set aside the proceedings of the appraisers. R. S. 1879, sec. 2690; *Perkins v. Quigley*, 62 Mo. 498; *Shacklett v. Scott*, 23 Mo. App. 322. (2) The failure of the trial court to give the appellant timber land was error. *Perkins v. Quigley*, *supra*.

*H. Lander* and *Jesse Ellington* for defendants in error.

(1) The record fails to disclose any specified or particular grounds, upon which the trial court based its determination of the matters below; wherefore, there is nothing for this court to review. *Nall v. Railroad*, 97 Mo. 68-75. (2) It affirmatively appearing from the record, that no objections or exceptions were made or saved in regard to the admission or exclusion of evidence, or to any specified rulings of the trial court, and there is nothing before the court to review. (3) The neglect or omission of the debtor to choose or refuse, after reasonable time given, takes away the power of the officer to proceed in the execution of the writ. (4) As to the action of the appraisers in not setting off part timber with the homestead, there is no pretense of any fraud, misconduct or bad faith on the part of the appraisers; the trial court, after a full hearing upon all the evidence, determined the matters in favor of the report of the appraisers, and as there is nothing in this record for review, aside from the weight of evidence, the action of the lower court ought not to be disturbed.

RAY, C. J.—This controversy concerns mainly the homestead of the plaintiff in error, Nickerson. Meyer & Bro., the defendants in error, at the April term, 1885,

of the Chariton circuit court, recovered a judgment against said Nickerson for $609.30, upon which execution was issued on May 19, 1885, and delivered to the sheriff of said county and made returnable to the October term of said court. On the first day of September, 1885, the sheriff levied said execution upon eighty acres of land in said county belonging to said Nickerson to satisfy said judgment in favor of said Meyer & Bro. Said Nickerson, on September, 15, gave notice in writing to the sheriff claiming the whole eighty-acre tract as his homestead, and on the twenty-eighth day of September, nearly a month after the date of the levy and about two weeks after defendant's said notice to the sheriff, the sheriff appointed three appraisers, who on said day set off to Nickerson, as his homestead out of the eighty acres levied upon, the forty-acre home tract containing the dwelling house and appurtenances, together with five acres in the corner of the other tract and adjoining the home tract, valuing the forty-five acres at fifteen hundred dollars, the limit of value fixed by the statute.

The sheriff, as appears by his return, thereupon released the said forty-five acres, so set apart as a homestead by the appraisers, but held his levy upon the remaining thirty-five acres, and advertised the same for sale under said execution. At the October term of said circuit court, at which said sale was to be made, and before the day of sale the defendant in the execution filed his motion to quash the levy and proceedings of the appraisers because of the neglect of the sheriff to notify and apprise him of his right to designate and choose the part of the said tracts to which his homestead exemption should apply, and for the failure of the commissioners or appraisers to go upon the land before appraising and locating the various parcels and making their said report to the sheriff, and for setting off the homestead in such manner as to deprive him of

any part of the timber on the eighty-acre tract. The trial court at said October term heard and overruled the motion to quash the levy and allowed the sale of the thirty-five acres to proceed, and at the sale thereof one of said execution creditors became the purchaser. After a fruitless motion for a rehearing, said Nickerson, defendant in the execution, filed his bill of exceptions and sued out the present writ of error.

The act in respect to homesteads is, as counsel say, a beneficent and humane one, and by the great weight of the more modern decisions is to be fairly and liberally construed so as to give due effect to the intention and spirit of the act. The right conferred upon the debtor to designate and choose the part to which the exemption shall apply is nevertheless a legal and statutory right or personal privilege given by the statute, as an incident of the homestead estate. Where, as is the case here, the given tract exceeds the limit of value prescribed by the statute the theory of the statute is that the right to designate and choose the part to be exempt is a valuable right, a privilege which the debtor will, or at least may, exercise for his own convenience and advantage, subject of course to the limitation as to value,—the law perhaps presupposes that the debtor will choose or designate what he wants, but provides for the contingency, if he does not. He does not, it is true, waive or forfeit his estate or right of homestead by any neglect or refusal to designate or choose the part he will take as a homestead, but a refusal to so designate and choose authorizes the officer to proceed to set off the homestead in the manner pointed out in the statute.

The learned counsel for plaintiff in error seem to contend that the sheriff cannot proceed to appoint appraisers, etc., until there has been a direct and express refusal on the part of the debtor to designate and choose, but the term, as employed in the act is, we apprehend, not to be construed in such a restricted

sense.　If the debtor will not at the proper time, or in a reasonable time under the circumstances of the case, choose or designate the part he will take, this is, we think, a refusal so to do, within the meaning of the act, as otherwise he could, by mere silence and inaction, block the entire proceeding and prevent the officer from executing the writ, although the property or estate he held and occupied might manifestly be largely in excess of the value to which the statute limits the homestead exemption.　In the case before us the eighty-acre tract, as is conceded, exceeded considerably in value the limit of the statute.　Some of the witnesses put the value at three thousand dollars or over, and the defendant in the execution put it in his testimony at twenty-two hundred dollars for the whole tract, that is, he valued the home forty at twelve hundred dollars, and the other forty-acre tract at one thousand dollars.　The sheriff, as we have seen, made his levy upon the whole tract, on the first of September, at which time, it seems, he advised the defendant to see his lawyer about his homestead. As before stated, the defendant in the execution on September 15, by notice in writing to the sheriff, claimed the whole eighty-acre tract as his homestead.　Defendant did not, thereafter, modify his claim to the whole eighty acres, and did not at any time or in any manner designate or choose any part of the eighty acres, to which the homestead exemption should apply.　The sheriff then on the twenty-eighth of September appointed the appraisers who thereupon fixed the location and boundaries of the homestead as we have seen.

Why, then, is not this showing so made a real and substantial compliance with the terms and spirit of the homestead enactment in question ?　Counsel for plaintiff in error say, because it was the duty of the officer after having the whole tract appraised to apprise the defendant in the execution that it exceeded in value the statutory limit, and to apprise him of his right to select the

part he desired to be exempt, and to permit him to then make such selection. The act in respect to executions, section 2347, Revised Statutes, 1879, provides for and devolves a duty of this sort in the given case upon the officer making the specified levies, but the homestead act contains no provision of a similar import. The homestead law, as we have already intimated, devolves upon the debtor the duty, in the first instance, of choosing and designating to the officer the parcels he desires to hold as his homestead and exempt from the levy, and if he refuses so to do then the law directs the sheriff to appoint appraisers and devolves upon them the duty to fix the location and boundaries of the homestead.

The law will not suffer his refusal or neglect to choose to affect his right or the right of the family to a homestead; whether he claims his homestead or not is immaterial, but if he does not exercise the right of choice which the law gives him either at the time the levy is made, or in a reasonable time thereafter, or at any time, as is the case here, then the sheriff must resort to the other prescribed mode by appointing appraisers, upon whom the statute then casts the duty of fixing the location and boundaries of the homestead. The protection which the law then provides to make effective the limitation of value, in the interest of the creditor, and to secure the homestead, properly admeasured, located and bounded to the debtor and his family, is in the action of three disinterested appraisers duly sworn to a faithful discharge of their duties, and not, as in the execution law, by devolving the duty of apprising the debtor of his rights as to attachment and execution upon the officer. Upon the grounds indicated, we think this first point should be ruled against the claim of plaintiff in error in this behalf.

Nor do we think we can reach a result favorable to the second claim of plaintiff in error, that the proceedings and report of the appraisers should have been set

aside, because they did not allot or set off to the defendant in the execution any part of the timber land. This was one of the advantages the debtor might have secured by the exercise of his right to choose and designate the parcels he desired to constitute his homestead. But, as the appraisers have set off the home tract with the dwelling house, appurtenances, etc., which is the most valuable of the two tracts, and five acres additional in the other forty and adjoining the home forty, the two allotments being thus compact and of the value fixed by the statute, we do not see how their report approved by the trial court, after hearing the testimony for and against it, can be disturbed in this court, for failure to assign a part of the timber to the debtor.

We can see nothing oppressive in so fixing and locating the boundaries of the homestead. The assignment contains, as already stated, the dwelling house and appurtenances and a compact, adjoining body of land of the full value prescribed by the statute. The debtor made no claim and gave no notice either to the officer, or the appraisers, of his desire for a part of the timber. The twelve acres of timber land does not adjoin the home tract, but is situated on the north side of the remaining thirty-five acres levied on. The homestead law is to be liberally administered, so as to give effect to its humane provision, and we see no reason to doubt that this has been done in the case at bar.

Something is said to the effect that the testimony of certain witnesses shows that the land set off by the appraisers was not worth exceeding thirteen hundred dollars clear of incumbrances. This is so, but the testimony of other witnesses, and the report of the appraisers, show the value to be fifteen hundred dollars, so that, upon a conflict of evidence of this sort, the finding of the trial court is binding upon us.

This leads to an affirmance of the judgment of the trial court, and it is, accordingly, so ordered. All concur.